willingness to accept the assignment under the Criminal Justice Act, and you may proceed when ready. Thank you, your honors. May it please the court. Your honor, this case is different than the others that I've sat through this morning. This does not involve a trial. The case of Candice Davis was a negotiated plea. Ms. Davis entered a plea agreement, pleading guilty to counts one on wire fraud, count two on use of unauthorized access devices, and two counts of aggravated identity theft. All of these acts that Ms. Davis entered a plea of guilty to occurred in 2015. The government believed, and it is so set forth in the plea agreement, that Ms. Davis and Mr. Wilson, a co-defendant, were together running this scheme from 2013 through 2015. We set it sentencing, we set it the time of the change of plea. We admit what we did in the calendar year 2015. But we do not admit, and it is so stated in the plea agreement, that we would not admit to any acts that the government thought should be attributable to Ms. Davis during 2013 and 2014. When you say you admit that in the plea agreement, are you talking about paragraph four of the facts? Or section four of the plea agreement? And it says the government submits that the facts in this case are as follows? Yes, your honor. Those were the government facts, not our facts, your honor. And was that everyone's understanding going in? Yes, it was, your honor. Because it seemed like the court thought that you had admitted, your client had admitted to the facts in section four. No, and that was what the difficulty came up, Judge Kelly, throughout and resulted in her loss of acceptance and responsibility. And I thought it was perfectly clear that we were admitting only to the conduct in 2015. Well, how was that made perfectly clear? I thought there was some statement of the effect that we substantially agree with the facts in the stipulation. I mean, in the paragraph that was just cited. I'm sorry, Judge. Yeah, is that right? We substantially, with regards what we were taking from that, Judge Collington, was we admitted to the guilt that we pled guilty to that was set forth in the indictment that occurred in 2015. But I mean, how is that communicated to the court, that that is what you were admitting, as opposed to the other things that were in the plea agreement, in the paragraph that was just cited? I believe it was always clear, your honor, according to myself and to Ms. Davis. All right, I'm just wondering if there was something you communicated to which you could point us that we should see, but maybe that's all there is. Well, I think it was very clear, your honor, when the pre-sentence report came out, and there were multiple objections, myriad objections, that we made, always addressing the conduct that was being attributable to Ms. Davis during 2013 and 2014. Didn't the government have a witness that testified at the beginning of 13, and isn't that enough if the judge finds the witness credible? Your honor, if I may, just briefly review the testimony from the agent. Agent Cricht testified basically on four matters. The first matter was that Ms. Davis was involved in a 2013 incident with co-defendant Wilson. And Wilson was arrested in Maryland Heights, and they were in Ms. Davis' car. However, the transcript shows that Agent Cricht said, and as a result of being in the car with Mr. Wilson, she was never questioned, she was never arrested, she just went away. There was nothing to tie her to any untoward conduct on the part of co-defendant Stacey Wilson. Agent Cricht also states that, well, between 2013 and 2014, Davis and Wilson were conducting illegal activity. Stop. She testified that in 2014, Davis was seen at an ATM and deposited a check in an account that had been fraudulently opened. Agent Cricht also testified in a cross-examination that if another individual had given Ms. Davis that check to deposit, there would be no indication that Ms. Davis had any knowledge of any wrongdoing. Lastly, Agent Cricht spoke about a fellow by the name of BJ. And BJ had originally said that co-defendant Wilson had approached him and wanted him to pass checks. However, under testimony by Agent Cricht at the sentencing hearing, Agent Cricht said, well, his mother said he had a mental level of a second grader or a nine-year-old. And then at co-defendant Wilson's sentencing testimony, he decided, no, it wasn't Wilson, it was really Ms. Davis. So what does BJ's testimony go to? Is that just for the role in the offense, or is that somehow relevant to your overall scope argument? Judge Kelly, I would attribute that to the overall scope argument. So it's not relevant, the BJ testimony is not relevant to the role? I guess it could be, Your Honor, too. I don't mean to be. No, if it's the scope, that's fine. And what I think is clear, the law in this circuit is that when a defendant makes objections to a pre-sentence report, then the burden shifts to the government to present evidence. And I realize it's the lesser standard of preponderance of the evidence. The evidence that Agent Cricht testified to was basically what I said, Your Honors, but not one time did Agent Cricht ever set forth the amount of loss that was attributable to Ms. Davis. I think the law is very, very, very clear on that, that the sentencing court cannot determine contested matters arising from the PSR without some evidence. And the pre-sentence report is not evidence. In fact, in United States versus Morehead, it states that the sentencing court chooses to make a finding with respect to any disputed facts. It must do so on the basis of evidence and not the pre-sentence report. So is it your position that all of the dollar amounts assessed during the year 2015 are properly assessed in calculating the loss for your client? Yes, which we would say would be around $2,000, if that much, Your Honor. I see my time and I would like to reserve the remainder of my time with due respect. You may. Very well, we'll hear from Ms. Berry. May it please the court. My name is Tracy Berry and I'm representing the United States in this appeal. At the outset, the government wants to note that at the sentencing hearing, the court heard testimony, viewed the government's evidence, which included evidence regarding a 2013 transaction in which Ms. Davis participated and a 2014 transaction that Ms. Davis participated in. Allow Davis the opportunity to present any contradicting evidence, listen to the party's arguments, and then overrule the defendant's objections. Allowing the specific findings that were in the pre-sentence investigation report to stand, but only after hearing the evidence, so the court complied with rule 32. There was no procedural error committed by imposing the three level enhancement for role in the offense, or the two level enhancements for acceptance of responsibility, or finding the loss calculation. Was Agent Kreitz the only witness? Agent Kreitz was the only witness for the government, and as testified, she did provide hearsay testimony with regard to BJ. And as I believe Judge Kelly wrote and added jumo, I'm not sure that I'm pronouncing that correctly, that the fact intensive findings that the district court does at a sentencing hearing are entitled to great deference. And should not be overturned unless they are completely without foundation. In this case, there was hearsay testimony clearly. However, that hearsay testimony was found to be reliable, and there was no contradictory evidence presented by the defendant, even though the defense counsel had evidence in advance or had hearsay testimony. But even the hearsay testimony, how did it support a finding that Davis recruited 50 people? Your Honor, that is actually the red herring that we look at in this case. We would note that there was no proof of 50 people, and I think we set that out in the- All right, so you agree with that, but the district court found that there was. Yes, Your Honor, the district- Do you agree that that was clearly erroneous? That was clearly erroneous, however, it was not material. All right, why not? Go ahead and explain why not. Because the defendant stipulated that there were 15 individuals that were recruited. So in addition to herself and Mr. Wilson- By whom though, by Wilson and Davis together? Yes, Your Honor, it is laid out in that manner in the plea agreement. Now, did she stipulate to that portion of the plea agreement, or did she say something about substantially agreeing with it? Well, that's the problem, Your Honor, is that when, if you look at the change of plea transcript, the defendant is asked, are the facts that the government related true and correct? And she says yes. So the fact that the government presented is that, that she signed off on in the plea agreement, that she and Wilson recruited more than 15 individuals to open accounts at US Bank or Profiteer. So you say there's a definitive yes in the plea hearing to that 15 recruitment? Absolutely, Your Honor. Absolutely. So that gets you five or more as your position on the role adjustment. Correctly. So while the court- And how do you prove that she's a manager? Through the testimony of BJ, the hearsay testimony of BJ, Your Honor. And in that, BJ relayed to Inspector Creed that he was walking down the street. Ms. Davis stopped her car, asked him if he wanted to make some money, that it would help the two of them, and told him how he could do it. Took him to the bank, gave him the checks to deposit into his account. The money that was withdrawn from his account, she took, and he got a portion of that. That was Ms. Davis. Early on, there was information from another investigator that was different than what BJ said. And when Inspector Creed went to interview BJ at the sentencing hearing of Mr. Wilson, BJ said, no, it wasn't him, it was her. And then he looked at a picture and said, that's her, and then he described her car. All of that is what was testified to and before the sentencing court during the hearing. Is that paragraph 26 of the pre-sentence report, is that in 2015, when BJ was recruited? No, Your Honor, I believe that was, let me, I want to double check and make sure I have my right date here. What year was BJ recruited? The reason I'm asking is, earlier you had said that the district court in sustaining, I'm sorry, overruling an objection was implicitly adopting the pre-sentence report. But as I read the pre-sentence report, paragraph 26 says that it was Wilson that approached BJ. So, Your Honor, that was the disclosure copy. By the time the final copy was put into place, the government had noted to the probation officer that the plea agreement said that it had eliminated that information about Wilson. Okay, I've got final on the top of mind. I apologize, Your Honor, if I did, but I thought that had been addressed and removed. It was actually discussed at another portion in the brief. But I do recall that the two instances specifically referred to in 2013 and 2014 did not deal with BJ. The one in 2013 dealt with Mr. Wilson and Ms. Davis being in a grocery store in St. Louis, and he was attempting to open an account at U.S. Bank in the name of another individual. The defendant was with him at the time. Now, they attempted to explain that, or she attempted to explain on cross-examination of Inspector Creek, that Ms. Davis did not know him, did not know Mr. Wilson by the name Stacy Wilson, and that she, of course, couldn't be held in any way responsible for him opening that account because that wasn't the name that she knew him by. But as Agent Creek later explained, the name that he was opening the account was in a totally different name than she had advised that she knew him as. So we could say that by a preponderance of the evidence, the government had proved that that conduct in 2013 took place and that this defendant was a member and a willing member of this conspiracy. Her vehicle was used during these transactions in 2013. In 2014, specifically, Agent Creek testified that Ms. Davis deposited a forged check into one of the fraudulent accounts, and that was all before the court showing conduct between 2013 and 2014. There was some information, just a brief touching upon the acceptance of responsibility, and I want to make sure that I do address that because it is very, very important. This court has found repeatedly that there are a number of ways in which a district court can find that a defendant is not eligible for acceptance of responsibility, that it's the defendant's burden to meet. In this case, Your Honor, in addition to the issue with regard to relevant conduct, the court specifically noted a concern with the defendant walking back from statements that she had agreed were true and correct. And when she walked back from those statements, there is no question. In paragraph 20, she said there's nothing to tie the defendant to the conduct that's laid out there. But then on page 5 of the stipulation, she admits that the surveillance photos demonstrate her depositing a forged check into the account of RH on March 24, 2015. Paragraphs 30 and 39, she objects to the number of victims. That's stipulated too. Paragraph 21, she objects to that. In page 4, it's delineated as to who engaged in that conduct, her, Wilson, and others. And page 40, she objects to sophisticated means, even though she specifically agreed to that enhancement. The defendant has also, before this court, said that there were certain things that she didn't agree with and did not agree with. However, on page 8 of the pre-sentence investigation report, she specifies what that conduct is. And the government said, we don't think that's sufficient, and you're not entitled to acceptance of responsibility. The government submits that there was sufficient evidence before the court, based upon the precedent that this court has established, to find each and every one of the enhancements that the court found. And that the court appropriately determined that the defendant did not bear her burden of proof with regard to acceptance of responsibility. We ask the court to affirm. Thank you. Thank you for your argument, Ms. Berry. Ms. Troge, we'll hear from you in rebuttal. Your Honors, we would ask the court to look at the law of this circuit. It is very clear. A sentencing court must make findings, must make a determination at the objections of the defendant upon the basis of evidence and not the pre-sentence report. There was not one iota offered that there was a total loss attributable to Ms. Davis in the amount of $44,000. There was the testimony of the agent who talked about B.J. Oh, yeah, but there was no formal report ever written about Agent Cricht's discussions with B.J. So we can talk about something that's important to me, big and important to me. I see the pretrial agreement. To what extent in open court did somebody say these were true or false? I'm not quite sure I understand. Okay, well, I have in front of me the pretrial agreement, and it's the four, paragraph four of the facts. Yes, sir. And at the actual guilty plea hearing, to what extent did the defendant say this is true or not? She just said that these were the government's submission of facts. Usually, we say that the government and the defendant agree that the government can prove the following facts. We simply stated that we would acknowledge the illegal conduct in 2015, Your Honor. Lastly, I would just like to say, I'm not going to say anything more, I guess, but I thank you for your time, if I may, and just ask if this court would find in favor of the appellant and remand this case to sentencing for a further evidentiary hearing. Thank you. All right, thank you for your argument. The case is submitted. And the court will file an opinion in due course.